UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __18-20300__

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(a)(1)(B)(ii)
18 U.S.C. § 2
18 U.S.C. § 982

CR-UNGARO
MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA

vs.

JORGE LUIUS HERNANDEZ,
JUAN VALIDO SANCHEZ, and
CESAR ALBERTO ROMERO CUZA,

Defendants.
_____/



FILED by ___ D.C.
APR 17 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### Commercial Insurance

1.  Blue Cross Blue Shield (BCBS) and Cigna are "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

2.  BCBS and Cigna often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services. This occurred when the provider accepted assignment of the right to payment from the beneficiary.

3. To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan. The claim forms were typically submitted electronically via the internet. The claim form required certain important information, including: (a) the beneficiary's name and HICN or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

4. When a provider submitted a claim form to a commercial insurance plan, the provider party certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with applicable laws and regulations. The submitting party also certified that the services being billed were medically necessary and were in fact provided as billed.

5. Trusted Health Care, Inc. (Trusted Health Care) was a Florida corporation, located at 4315 NW 7th Street, Suite 39, Miami, Florida. Trusted Health Care was a medical clinic that purportedly provided private insurance beneficiaries with various medical treatments and services.

6. Defendant **JORGE LUIUS HERNANDEZ** was a resident of Miami-Dade County and the owner Trusted Health Care.

7. Defendant **JUAN VALIDO SANCHEZ** was a resident of Miami-Dade County and the original owner Trusted Health Care.

8.      Defendant **CESAR ALBERTO ROMERO CUZA** was a resident of Miami-Dade County.

# COUNT 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

1.      Paragraphs 1 through 8 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.      From in or around April 2014, and continuing through in or around January 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIUS HERNANDEZ,
JUAN VALIDO SANCHEZ, and
CESAR ALBERTO ROMERO CUZA,**

did willfully, that is, with the intent to further to the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and Cigna, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money, and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, services, in violation of Title 18, United States Code, Section 1347; and

b.      to knowingly and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and

3

artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18 United States Code, Section 1343.

## Purpose of the Conspiracy

3. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others and to further the fraud.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **JORGE LUIUS HERNANDEZ, JUAN VALIDO SANCHEZ, CESAR ALBERTO ROMERO CUZA,** and others submitted and caused to submit, via interstate wires, approximately $2,246,208 in claims which falsely and fraudulently represented that various health care benefits, primarily physical therapy and injectable drugs, were medically necessary, prescribed by a doctor, and had been provided by Trusted Health Care to insurance beneficiaries of BCBS.

5. As a result of such false and fraudulent claims, BCBS made payments to the corporate bank accounts of Trusted Health Care in the approximate amount of at least $620,908.

6. **JORGE LUIUS HERNANDEZ, JUAN VALIDO SANCHEZ, CESAR ALBERTO ROMERO CUZA,** and others submitted and caused to submit, via interstate wires,

4

approximately $2,595,450 which falsely and fraudulently represented that various health care benefits, primarily physical therapy, were medically necessary, prescribed by a doctor, and had been provided by Trusted Health Care to insurance beneficiaries of Cigna.

7.  As a result of such false and fraudulent claims, Cigna made payments to the corporate bank accounts of Trusted Health Care in the approximate amount of at least $725,758.

8.  **JORGE LUIUS HERNANDEZ, JUAN VALIDO SANCHEZ, CESAR ALBERTO ROMERO CUZA,** and others used the proceeds of the health care fraud for their personal use and benefit and to further the fraud scheme.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-9
### Health Care Fraud
### (18 U.S.C. § 1347)

1.  Paragraphs 1 through 8 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.  From in or around April 2014, and continuing through in or around January 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JORGE LUIUS HERNANDEZ,
JUAN VALIDO SANCHEZ, and
CESAR ALBERTO ROMERO CUZA,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and Cigna, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit programs.

### Purpose of the Scheme and Artifice

3. It was a purpose of the scheme and artifice for the defendants to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

### The Scheme and Artifice

4. The allegations contained in paragraphs 4 through 8 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution or Attempted Execution of the Scheme and Artifice

5. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to a defraud health care benefit program affecting commerce, that is, BCBS and Cigna, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendants submitted and caused the submission of false and fraudulent claims to BCBS and Cigna seeking the identified dollar amounts, representing that Trusted Health Care provided medical treatment and services to commercial beneficiaries pursuant to physicians' orders and prescriptions:

| Count | Beneficiary | Approx. Date Claim Received | Claim Number | Services Claimed; Approx. Amount Claimed |
|---|---|---|---|---|
| 2 | T.X. | 11/17/14 | H100000440350054 | Injection, Methocarbamol, up to 10ML (J2800); $5,250 |
| 3 | R.M. | 11/21/2014 | H100000447106115 | Injection, Methocarbomol, up to 10 ML (J2800); $5,250 |
| 4 | M.D. | 12/5/14 | H100000450360631 | Injection, Methocarbamol, up to 10ML (J2800); $5,250 |
| 5 | B.P.L | 12/8/2014 | H100000450357965 | Injection, Methocarbamol, up to 10ML (J2800); $5,250 |
| 6 | R.M. | 12/9/2014 | H100000447954799 | Injection, Methocarbomol, up to 10 ML (J2800); $5,250 |
| 7 | J.R.O. | 12/19/2014 | H100000353780276 | Injection, Methocarbamol, up to 10ML (J2800); $5,250 |
| 8 | M.D. | 12/19/2014 | H100000450361792 | Injection, Methocarbomol, up to 10 ML (J2800); $5,250 |
| 9 | B.P.L. | 12/22/2014 | H100000450360968 | Injection, Methocarbamol, up to 10ML (J2800); $5,250 |

In violation of Title 18, United States Code, Sections 1347 and 2.

### COUNTS 10-12
**Money Laundering**
**(18 U.S.C. § 1956(a)(1)(B)(i))**

On or about the dates set forth below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JORGE LUIUS HERNANDEZ,**

did knowing conduct and attempt to conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, knowing that property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, as set forth below:

| Count | Approximate Date of Monetary Transaction | Description of Monetary Transaction |
|---|---|---|
| 10 | December 16, 2015 | Online transfer to Speed Services Group, LLC. business checking account from Trusted Health Care Healthcare Wells Fargo corporate bank account, in the amount of $9,850 |
| 11 | December 17, 2015 | Online transfer to Speed Services Group, LLC. business checking account from Trusted Health Care Healthcare Wells Fargo corporate bank account, in the amount of $8,052 |
| 12 | December 23, 2015 | Online transfer to Speed Services Group, LLC. business checking account from Trusted Health Care Healthcare Wells Fargo corporate bank account, in the amount of $8,876 |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.

## COUNTS 13-18
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(ii) and 2)

On or about the dates set forth below as to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

## JORGE LUIUS HERNANDEZ,

knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, involving the proceeds of specified unlawful activity, and knowing that such transaction was designed in whole and in part to avoid reporting requirements:

| Count | Approximate Date of Monetary Transaction | Description of Monetary Transaction |
|---|---|---|
| 13 | July 8, 2015 | Withdrawal by Jorge Luius Hernandez from JP Morgan Chase bank account in the amount of $9,500 |
| 14 | July 9, 2015 | Withdrawal by Jorge Luius Hernandez from JP Morgan Chase bank account in the amount of $9,600 |
| 15 | July 10, 2015 | Withdrawal by Jorge Luius Hernandez from JP Morgan Chase bank account in the amount of $9,600 |
| 16 | July 15, 2015 | Withdrawal by Jorge Luius Hernandez from JP Morgan Chase bank account in the amount of $9,700 |
| 17 | July 16, 2015 | Withdrawal by Jorge Luius Hernandez from JP Morgan Chase bank account in the amount of $9,500 |
| 18 | July 17, ~~2014~~ 2015 *[handwritten correction, initialed MB]* | Withdrawal by Jorge Luius Hernandez from JP Morgan Chase bank account in the amount of $9,270 |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE
### (18 U.S.C. § 982 (a)(7))

1.  The allegations contained in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **JORGE LUIUS HERNANDEZ, JUAN VALIDO SANCHEZ, and CESAR ALBERTO ROMERO CUZA** have an interest.

2.  Upon conviction of any violation of Title 18, United States Code, Sections 1347 or 1349, as alleged in Counts 1 through 9 of this Indictment, the defendant so convicted shall forfeit to the United States all of their respective right, title, and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3.  Upon conviction of any violation of Title 18, United States Code, Section 1956, as set forth in Counts 10 through 18 of this Indictment, the defendant, **JORGE LUIUS HERNANDEZ,** forfeit to the United States any property real or personal, involved in the offense, or any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(1).

4.  The property subject to forfeiture includes, but is not limited to, the sum of $1,346,666 in United States currency, which amount is equal to the gross proceeds traceable to the commission of the violations alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of the defendant's sentence.

5.  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property and, in addition, to seek a court order requiring the defendants to return any such property to the jurisdiction of the court for seizure and forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| vs. | |
| JORGE LUIUS HERNANDEZ, et. al | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendants.** / | Superseding Case Information: |

**Court Division**: (Select One)

<u>X</u> Miami ___ Key West
___ FTL ___ WPB ___ FTP

New Defendant(s)          Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    <u>Yes</u>
   List language and/or dialect   <u>Spanish</u>

4. This case will take <u>5</u> days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)

   I    0 to 5 days       <u>X</u>         Petty     ___
   II   6 to 10 days      ___              Minor     ___
   III  11 to 20 days     ___              Misdem.   ___
   IV   21 to 60 days     ___              Felony    <u>X</u>
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)   <u>No</u>
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)   <u>No</u>
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   <u>No</u>

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?          Yes ___   <u>X</u> No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?          Yes ___   <u>X</u> No

_____
Christopher J. Clark
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached                                                  REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   JORGE LUIUS HERNANDEZ

**Case No:** _____

Count #: 1

   Conspiracy to Commit Health Care Fraud and Wire Fraud

   Title 18, United States Code, Section 1349

**\*Max. Penalty:**   Twenty (20) Years' Imprisonment

Counts #: 2-9

   Health Care Fraud

   Title 18, United States Code, Section 1347

**\*Max. Penalty:**   Ten (10) Years' Imprisonment as to each count

Counts #: 10-12

   Money Laundering

   Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\*Max. Penalty:**   Ten (10) Years' Imprisonment as to each count

Counts #: 13-18

   Money Laundering

   Title 18, United States Code, Section 1956(a)(1)(B)(ii)

**\*Max. Penalty:**   Ten (10) Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   JUAN VALIDO SANCHEZ

**Case No:**

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

*Max. Penalty:      Twenty (20) Years' Imprisonment

Counts #: 2-9

  Health Care Fraud

  Title 18, United States Code, Section 1347

*Max. Penalty:      Ten (10) Years' Imprisonment as to each count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   <u>**CESAR ALBERTO ROMERO CUZA**</u>

**Case No:** _____

Count #: 1

  Conspiracy to Commit Health Care Fraud and Wire Fraud

  Title 18, United States Code, Section 1349

**\*Max. Penalty:**   Twenty (20) Years' Imprisonment

Counts #: 2-9

  Health Care Fraud

  Title 18, United States Code, Section 1347

**\*Max. Penalty:**   Ten (10) Years' Imprisonment as to each count


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**